IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CR-122-GKF |
| | ) | Civil Case No. 08-CV-687-GKF-TLW |
| | ) | |
| RICHARD DALE MONTGOMERY, | ) | |
| | ) | |
| Petitioner. | ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2255 action. The petitioner, Richard Dale Montgomery, appears pro se in this matter and asks this court to vacate, set aside or correct the sentence imposed by the court. **Dkt. 70**. The following motions are also presently before this court: (1) Mr. Montgomery's Motion for Production of Trial Transcripts, **Dkt. 78**, (2) Mr. Montgomery's Motion for an Evidentiary Hearing, **Dkt. 79**, (3) Mr. Montgomery's Second Verified Motion for an Evidentiary Hearing, **Dkt. 87**, (4) Mr. Montgomery's Second Verified Motion for Production of Trial Transcripts, **Dkt. 88**, (5) Mr. Montgomery's Motion for Discovery, **Dkt. 89**, (6) Mr. Montgomery's Second Motion for Discovery, **Dkt. 90**, and (7) Mr. Montgomery's Motion for Sanctions, **Dkt. 91**. Upon careful review of the pleadings filed in this matter, the Court finds that Petitioner is entitled to an evidentiary hearing on some of the ineffective-assistance-of-counsel claims raised in Mr. Montgomery's § 2255 motion. In addition, this court dismisses as moot Mr. Montgomery's evidentiary motions, Dkts. 78, 79, 87, 88, 89, 90, and denies Mr. Montgomery's motion for sanctions, Dkt. 91.

## *BACKGROUND*

On January 23, 2007, an FBI Task Officer entered an internet chat room. The Officer, who was posing as a thirteen-year-old girl from Tulsa, Oklahoma, participated in an instant-message conversation with the petitioner, Mr. Montgomery. During that discussion, Mr. Montgomery engaged in conversation of a sexual nature. Over the next few months, Mr. Montgomery continued to use instant messaging to communicate with the Officer. Ultimately, Mr. Montgomery and the Officer arranged to meet. Mr. Montgomery traveled to the designated meeting place, where he was arrested. Mr. Montgomery was subsequently charged with coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). A jury trial was held in the United States District Court for the Northern District of Oklahoma, and Mr. Montgomery was convicted of the crime charged. On December 19, 2007, the court sentenced Mr. Montgomery to 120 months' imprisonment, followed by 84 months of supervised release. Mr. Montgomery did not appeal from the judgment or sentence imposed.

## *ANALYSIS*

On November 20, 2008, Mr. Montgomery filed this motion to vacate, set aside, or correct his sentence. Dkt. 70. He asks this court to either overturn his conviction and sentence, or, in the alternative, vacate and re-enter the judgment and sentence so that he may pursue an appeal. Mr. Montgomery raises the following grounds for relief in his § 2255 motion:

Ground 1:   He was denied effective assistance of counsel prior to and during trial because his counsel "failed to investigate and test the Government's case, failed to call necessary requested witnesses," and failed to obtain certain evidence.

>    Ground 2:   He was denied effective assistance of counsel at his sentencing hearing because his counsel failed to investigate and call certain witnesses, failed to research and present to the court the issue of national disparity among terms of supervised release, and failed to object to the term of supervised release imposed by the court.
>
>    Ground 3:   His conviction was secured using evidence that was obtained during an unlawful arrest because he was entrapped as a matter of law.
>
>    Ground 4:   He was denied effective assistance of counsel because his attorney failed to comply with his request to file an appeal on his behalf.

Dkt. 70 at 3-5.[1]  Also, in his Second Verified Motion for Production of Trial Transcripts, filed September 14, 2009, Mr. Montgomery raises what appears to be a claim that the Government failed to produce certain exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  This court will first evaluate Mr. Montgomery's ineffective-assistance-of-counsel claims, and will then turn to Mr. Montgomery's remaining claims.

**A. Ineffective-Assistance-of-Counsel Claims**

Three of the four grounds for relief raised in Mr. Montgomery's § 2255 motion involve allegations that Mr. Montgomery's counsel, Keith Ward, provided ineffective assistance before, during and after the trial and sentencing hearing.  These ineffective-assistance-of-counsel claims may be grouped into four categories: (1) allegations that Mr. Ward provided ineffective assistance before and during trial because he failed to investigate, obtain and present certain evidence, (2) allegations that Mr. Ward provided ineffective assistance during the sentencing hearing because he failed to raise a number of objections to the Presentence Report ("PSR") and the sentence imposed,

---

[1] Although Mr. Montgomery raised four distinct issues in his § 2255 motion, his memorandum in support of that motion develops only the second and fourth grounds for relief.  In his later motions, however, Mr. Montgomery expands upon his claim that his attorney provided ineffective assistance prior to and during trial.  *See* Dkt. 78.

(3) allegations that Mr. Ward provided ineffective assistance during the sentencing hearing because he failed to investigate and present mitigating evidence, and (4) allegations that Mr. Ward provided ineffective assistance after judgment was entered because he failed to file an appeal on Mr. Montgomery's behalf.

To prevail on any of these ineffective-assistance claims, Mr. Montgomery must establish that two elements are met: "First, he must show that [his] counsel 'committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness.'" *Wackerly v. Workman*, 580 F.3d 1171, 1176 (10th Cir. 2009) (quoting *Castro v. Ward*, 138 F.3d 810, 829 (10th Cir. 1998)) (internal quotation marks and accompanying citation omitted). "Second, [he] must show that this deficient performance mattered–namely, that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). In order to develop the factual record necessary to determine whether these two elements have been established, a hearing will be ordered "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to *no* relief . . . ." 29 U.S.C. § 2255 (b) (emphasis added).

### 1.      Mr. Ward's Alleged Failure to Obtain and Present Certain Evidence Before and During the Trial

Mr. Montgomery first alleges that his attorney failed to investigate theories, call certain witnesses, and subpoena certain documents before and during the trial phase of the criminal proceedings. In his original motion and memorandum in support, Mr. Montgomery does little to develop his claim that Mr. Ward "failed to investigate and test the Government's case, failed to call necessary requested witnesses," and otherwise failed to obtain documentary evidence pertaining to

4

his case. Dkt. 70 at 4. Nevertheless, in his Motion for Production of Trial Transcripts, Mr. Montgomery asserts that his "concerns include [his] counsel's . . . failure to obtain and present at trial key documentary evidence and requested [witnesses'] testimonies." Dkt. 78 at 1. In other motions, Mr. Montgomery states that his counsel never obtained the "records of [more than] 50 chat room contacts," Dkt. 88 at 1, and neglected to challenge the Government's failure to turn over a number of text messages that would have demonstrated the innocent nature of his conduct and supported his entrapment defense. Dkt. 87 at 1-2.

Mr. Montgomery's later-filed motions could be construed as attempts to amend his original § 2255 motion. Although the one-year statute of limitations that applies in § 2255 cases would bar Mr. Montgomery from raising new claims in his later-filed motions,[2] Mr. Montgomery may, pursuant to Federal Rule of Civil Procedure 15(c), introduce an untimely amendment that "clarifies or amplifies a claim or theory in [the original motion]." *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (alterations in original) (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)). So long as "the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case," this court may, in its discretion, permit the untimely amendment to "relate back to the date of the [original motion]." *Id.* (alterations in original) (quoting *Thomas*, 221 F.3d at 431).

---

[2] According to 29 U.S.C. § 2255(f), the one-year statute of limitations begins to run on the latest of four dates; in this case, the applicable date is "the date on which the judgment of conviction [became] final."

Judgment in the underlying criminal case was entered on December 19, 2007. Mr. Montgomery's original § 2255 motion was filed less than one year later, on November 20, 2008. His remaining motions, however, were filed on or after April 16, 2009, more than one year after the judgment became final.

The Government claims that the arguments raised in the later-filed motions fall outside the scope of the original § 2255 motion, and, therefore, should not be considered. This court disagrees, at least with respect to the arguments that pertain to Mr. Ward's alleged failure to obtain and introduce certain evidence at trial. Mr. Montgomery's original § 2255 motion includes an assertion his counsel "rendered ineffective representation" before and during trial by failing to "investigate and test the Government's case, . . . call necessary requested witnesses . . . [and] subpoena . . . text records of communications supporting prosecution of this case." Dkt. 70 at 4. The arguments raised in Mr. Montgomery's later-filed motions "clarif[y] [and] amplif[y]" his original claim that he received ineffective assistance of counsel before and during his trial. *Espinoza-Saenz*, 235 F.3d at 505 (quoting *Thomas*, 221 F.3d at 431). They do not introduce "claims totally separate and distinct . . . from those raised in his original motion."[3] *Id.* Therefore, this court will treat Mr. Montgomery's

---

[3] The facts of this case differ markedly from the facts before the Tenth Circuit in *Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000). In *Espinoza-Saenz*, the petitioner's original motion alleged that the sentencing court had made an error during sentencing and that his presentence report included an inappropriate enhancement. *Id.* at 502-03. His later motion asserted various ineffective-assistance-of-counsel claims. *Id.* at 503. The Tenth Circuit held that the district court did not abuse its discretion by treating the petitioner's successive petition as a supplemental petition, rather than an amendment, because the petition "raised completely new claims of ineffective assistance of counsel," that were "totally separate and distinct, 'in both time and type' from those raised in his original motion." *Id.* at 505 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)). *Cf. Craycraft*, 167 F.3d at 457 (concluding that the defendant's amendment to his petition, which included a claim that his counsel improperly failed to file an appeal, was time-barred, because his "original complaint alleged deficiencies of representation distinctly separate from the deficiency alleged in his amendments"). Unlike the respondents in *Espinoza-Saenz* and *Craycraft*, the Government cannot say, in this case, that the original petition did not provide notice of the arguments raised in Mr. Montgomery's later-filed motions. Mr. Montgomery initially claimed, as an independent ground for relief, that his attorney failed to obtain and introduce certain evidence; the arguments raised in his later motions are directly related to that claim, as they describe the evidence that was allegedly omitted and explain the import of that evidence.

6

later-filed motions as attempts to amend or supplement his original § 2255 motion, and will allow those motions to relate back to the date of the original motion.

Even when the later-filed motions are considered, however, there is little that supports Mr. Montgomery's claim that he received ineffective assistance of counsel before and during his trial. Although Mr. Montgomery claims that his attorney failed to investigate certain theories, he does not discuss or analyze the theories that were allegedly overlooked. Although Mr. Montgomery claims that his attorney failed to call certain witnesses, he does not name the witnesses that his attorney failed to call during trial,[4] nor does he discuss the testimony that those witnesses would have provided. With respect to these two components of his ineffective-assistance claim, Mr. Montgomery has failed to present "specific and particularized" allegations that, if true, would entitle him to relief. *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995). Absent such particularized allegations, Mr. Montgomery's claim that he was prejudiced by his attorney's failure to investigate certain theories and call certain trial witnesses must fail. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (noting that the petitioner would be entitled to an evidentiary hearing so long as his allegations, if true, would entitle him to relief, but concluding that the petitioner was not entitled to an evidentiary hearing because he "ha[d] pointed to no evidence supporting his claim").

---

[4] Although Mr. Montgomery does provide a list of uncalled witnesses in an affidavit submitted to this court, Mr. Montgomery expressly states that those witnesses were requested "after trial but before sentencing." Dkt. 76 at 13. He does not claim that his attorney should have called those witnesses during the trial.

There is, however, some support for Mr. Montgomery's claim that his attorney provided ineffective assistance at trial by failing to obtain and present certain documentary evidence. Mr. Montgomery has identified, in some detail, the documents that Mr. Ward allegedly failed to obtain and present during the trial. Mr. Montgomery states that his attorney never obtained the "records of [more than] 50 chat room contacts" between Mr. Montgomery and the FBI Task Officer. Dkt. 88 at 1. He further claims that, "[d]espite [his] specific request to his attorney to obtain all instant message records," he never received a complete copy of the messages exchanged between Mr. Montgomery and the Officer.[5] He also submits that he never obtained copies of the videorecordings of his arrest. Dkt. 88 at 1-2. Mr. Montgomery obliquely suggests that these records would demonstrate (1) that the Government initiated the contact with Mr. Montgomery, and (2) that Mr. Montgomery believed that he was engaging in "role-play" with an adult, rather than enticing a minor. These allegations and arguments, though vague, are sufficient to warrant an evidentiary hearing on this issue. Mr. Montgomery has alleged facts that, upon further development of the record, could show that Mr. Ward unreasonably failed to acquire and present the evidence in question, and that his failure to present that evidence impacted the results of the proceedings. *Wackerly*, 580 F.3d 1171, 1176 (10th Cir. 2009). Although the record could, in the alternative, reveal that the evidence in question was not available, or that Mr. Ward made a strategic choice to exclude the evidence, this court cannot say, based on the record before it, that Mr. Montgomery is "entitled to *no* relief" on this claim. 29 U.S.C. § 2255 (b) (emphasis added). Accordingly, this court

---

[5] Specifically, Mr. Montgomery claims that "the Government failed to produce" the records for the following dates: January 23, 2007; February 12-16, 2007; February 19, 2007; February 21-22, 2007; February 26-27, 2007; March 1-2, 2007; March 5-9, 2007; March 12, 2007; March 22, 2007; March 26-27, 2007; March 30, 2007; April 23-27, 2007; May 7-11, 2007; May 14-15, 2007; May 22, 2007; May 24, 2007. Dkt. 89 at 3.

grants an evidentiary hearing on the limited issue of whether Mr. Montgomery received ineffective assistance of counsel based on Mr. Ward's failure to obtain and introduce into evidence the omitted text messages and videorecordings.

### 2. Mr. Ward's Alleged Failure to Raise Objections at the Sentencing Hearing

Mr. Montgomery next claims that he was denied effective assistance of counsel during the sentencing phase of the proceedings because his attorney failed to make a number of objections to the term of supervised release imposed by the district court.[6] As mentioned earlier, in order to prevail on his ineffective-assistance claim, Mr. Montgomery must show *both* that his counsel "committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness," *Wackerly*, 580 F.3d at 1176 (citations and quotation marks omitted), *and* that "there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,'" *id.* (quoting *Strickland*, 466 U.S. at 688). This court concludes that Mr. Montgomery is not entitled to relief because, even if he could show that his counsel seriously erred by failing to raise the aforementioned objections, he cannot establish that the outcome of the proceedings would have been different absent that error.

Mr. Montgomery first contends that his attorney failed to object to the district court's failure to consider the sentencing factors set forth in 18 U.S.C. § 3553. As a result, he claims, the district court committed procedural error by blindly accepting "the PSR's unsupported mechanical

---

[6] Specifically, he claims that his attorney (1) failed to object to the period of supervised release recommended in the PSR, (2) failed to object to the term of supervised release imposed by the district court, (3) failed to object to the court's evaluation of the 18 U.S.C. § 3553 sentencing factors, (4) failed to argue that the term of supervised release imposed was disproportionately long, and (5) failed to object to the term of supervised release on "reasonableness" grounds.

recitation" of the appropriate term of supervised release. Dkt. 72 at 19. This contention is contradicted by the record. The district court expressly stated that it had considered the § 3553(a) sentencing factors when determining the appropriate sentence. Dkt. 70 at 28. Mr. Montgomery's claim that he was prejudiced by his attorney's failure to object to the procedural error cannot survive, because the transcript reveals that no procedural error was committed. *See United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008) (finding no procedural error where the district court stated that the sentence it imposed "[was] the most reasonable sentence upon consideration of all factors enumerated in [section 3553]").

Second, Mr. Montgomery asserts that he was prejudiced by his attorney's failure to challenge the substantive reasonableness of the term of supervised release imposed by the district court. Specifically, he submits, his attorney should have argued that the term of supervised release was arbitrary and unreasonable given the fact that he had no criminal history and was not likely to re-offend. There is no evidence that the outcome of the proceedings would have differed had Mr. Ward made such an objection. Indeed, even absent the objection, the court was aware of the fact that Mr. Montgomery had no prior instances of criminal conduct or improper contact with children. Dkt. 70 at 21. It was also aware of other facts that weighed in Mr. Montgomery's favor. *Id.* at 18-21, 28-29. The court weighed these facts against the seriousness of the crime charged, the need to deter similar conduct, the need to protect the public, and other factors set forth in § 3553, *id.* at 28, and concluded that a seven-year term of supervised release was appropriate. This conclusion was based on a reasoned consideration of the facts and circumstances of the case. *See United States v.*

*Burgess*, 576 F.3d 1078, 1102 (10th Cir. 2009).[7] Any argument that the district court ignored certain facts, failed to afford sufficient weight to any particular factor, or otherwise acted unreasonably when determining the appropriate sentence would not have prevailed.

Third, Mr. Montgomery asserts that he was prejudiced by his attorney's failure to argue that the term of supervised release imposed was unjustifiably long when compared with the terms of supervised release imposed in similar cases. Again, this court concludes that Mr. Montgomery cannot demonstrate that he was prejudiced by his attorney's failure to raise such an objection. To begin, the district court *did* consider "the need to avoid unwarranted sentence disparities"–one of the § 3553 factors–prior to determining the appropriate term of supervised release. *See* Dkt. 70 at 28 (noting that the court had "considered . . . the factors set forth in [18 U.S.C. §] 3553(a)"). Mr. Montgomery has pointed to no cases that demonstrate that there is any *unjustifiable* disparity between the term of supervised release imposed in this case and the terms imposed in similar cases nationwide. *See United States v. Tindall*, 519 F.3d 1057, 1066 (10th Cir. 2008) (noting that § 3553(a)(6) requires sentencing courts to consider the potential for nationwide disparities among similar cases involving similar defendants).[8] Furthermore, after additional research, this court has

---

[7] In *United States v. Burgess*, 576 F.3d 1078, 1102 (10th Cir. 2009), the Tenth Circuit rejected the defendant's claim that the sentence imposed by the district court was substantively unreasonable. The court concluded, based on the district court's "extensive and reasoned consideration of the facts and law," that the sentence imposed was not substantively unreasonable. *Id.*

[8] The cases that Mr. Montgomery cites in support of his claim are distinguishable from this case. The vast majority of the cases cited by Mr. Montgomery involve violations of child pornography laws, rather than violations of 18 U.S.C. § 2422(b). *See* Dkt. 72 at 13-14, 22-26 (citing *United States v. Maupin*, 520 F.3d 1304 (11th Cir. 2008); *United States v. Perrine*, 518 F.3d 1196 (10th Cir. 2008); *United States v. Cope*, 506 F.3d 908 (9th Cir. 2007); *United States v. Hayes*, 445 F.3d 536 (2d Cir. 2006) ;*United States v. Presto*, 498 F.3d 415 (6th Cir. 2007); *United States v.  Grigg*, 442 F.3d 560 (7th Cir. 2006); *United States v. Thorn*, 375 F.3d 679 (8th Cir. 2006); *United*

found no case law that would suggest that the term of supervised release imposed in this case was unjustifiably long; indeed, Mr. Montgomery's sentence is shorter than some terms imposed in factually similar cases. *See United States v. Snow*, 2009 WL 4755326, at *1 (8th Cir. 2009) (ten years' supervised release); *United States v. Gates* 2009 WL 3488725 (11th Cir. Oct. 30, 2009) (life term of supervised release); *United States v. Gates*, 289 F. App'x 798 (5th Cir. 2008) (affirming sentence of ten years' supervised release, despite defendant's steady employment, personal characteristics, limited criminal history, and the circumstances of the offense).[9] Accordingly, this

---

*States v. Bass*, 411 F.3d 1198 (10th Cir. 2005); United States v. Robinson, 359 F.3d 66 (1st Cir. 2004); *United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003)). The illegal conduct at issue in those cases is not "similar" to the conduct at issue here. 18 U.S.C. § 3553(a)(6); *see United States v. Tindall*, 519 F.3d 1057, 1066 (10th Cir. 2008) (stating that two cases were "hardly comparable" where the sentencing enhancement applied in one case was not applied in the other).

Mr. Montgomery does cite a few cases where individuals who violated § 2442 received a relatively short term of supervised release. Each of those cases, however, involve defendants who were sentenced prior to 2006. *See United States v. Brand*, 467 F.3d 179, 198 (2d Cir. 2006) (five years' supervised release; defendant sentenced on July 28, 2005); *United States v. Patten*, 397 F.3d 1100 (8th Cir. 2005) (term of supervised release unclear); *United States v. Dhingra*, 371 F.3d 557 (9th Cir. 2004) (three years' supervised release); *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004) (three years' supervised release). Those defendants, therefore, were sentenced before Congress implemented a five-year mandatory-minimum term of supervised release for any offense under § 2422. Adam Walsh Child Protection Safety Act of 2006, Pub. L. No. 109-248, § 141(e)(2), 120 Stat. 587, 603 (2006) (codified at 18 U.S.C. § 3583(k)). Any difference between Mr. Montgomery's sentence and the sentences imposed prior to 2006 may be explained by the introduction of a mandatory minimum term of supervised release, and the concomitant indication that Congress believed that longer terms of supervised release were necessary to protect children from sexual predators. Thus, the distinction between Mr. Montgomery's case and the pre-2006 cases cannot be said to be "unwarranted." 18 U.S.C. § 3553(a)(6).

[9] This court did discover one case where a defendant was sentence to only five years' supervised release. *United States v. Mizwa*, 2009 WL 2952216 (3d Cir. 2009). In that case, however, the defendant pleaded guilty, a factual distinction that could account for the difference in sentence. *See United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) (recognizing that disparate sentences are permissible where the disparity may be explained by factual differences, such as acceptance of responsibility, substantial assistance to the government, or a plea bargain).

court concludes that any objection that the term of supervised release imposed was unjustifiably long would have had no effect on the outcome of the sentencing proceedings.

In sum, this court concludes that, even if Mr. Ward had raised the objections proposed by Mr. Montgomery, those objections would not have affected the outcome of the proceedings. Therefore, Mr. Montgomery cannot show that he was prejudiced by his attorney's failure to raise those objections, and he cannot prevail on his ineffective-assistance claim. Accordingly, this court declines to grant an evidentiary hearing on this issue. *See United States v. Riccardi*, 314 F. App'x 99, 102 (10th Cir. 2008) (concluding that the district court did not abuse its discretion in denying an evidentiary hearing when the record demonstrated that the petitioner could not show that he had satisfied the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984)).

### 3. Mr. Ward's Alleged Failure to Investigate and Present Mitigating Evidence at the Sentencing Hearing

Mr. Montgomery next contends that Mr. Ward failed to present certain mitigating evidence at his sentencing hearing. He submits that he asked his attorney to call a number of witnesses who "would have testified that [he] had been in the presence of children on numerous occasions over a lifetime, without any improper conduct," and "would have established [his] credibility and negated any inferences of a possible future threat to children." Dkt. 72 at 21. He suggests that his attorney's failure to call these witnesses effectively prevented him from successfully arguing for a shorter term of supervised release.

In its response, the Government claims that Mr. Montgomery's arguments on this point are specious, as Mr. Montgomery neither names the witnesses who should have been called to the stand nor discusses how those witnesses' testimony would have affected the outcome of the case. In addition, the Government points to the affidavit of Mr. Ward, which indicates that Mr. Ward

consulted with Mr. Montgomery and called only those witnesses approved by him. Mr. Montgomery, in reply, points to his own affidavit,[10] which lists the individuals who should have been called as witnesses and indicates that each of those individuals would have testified that they had seen Mr. Montgomery in the presence of underaged persons and that they were aware of no complaints of impropriety against Mr. Montgomery.

Although Mr. Montgomery's initial motion lacks detail, his allegations are specific enough to warrant an evidentiary hearing on this issue. Mr. Montgomery has specifically alleged that he asked his attorney to call certain witnesses to testify on his behalf, and that his attorney failed to comply with this request. He has submitted an affidavit that identifies those individuals by name and explains the testimony they would have given had they been called to testify. Mr. Montgomery's allegations, if proven, could establish that his attorney erred by failing to call witnesses, and that he was prejudiced by his attorney's error. *See East v. Scott*, 55 F.3d 996, 1001 (5th Cir. 1995) ("'[W]here the specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." (quoting Rule 6 of the Federal Rules Governing § 2255 Cases)); *see also Anderson*, 425 F.3d at 858-59 (noting that the petitioner "would be entitled to an

---

[10] This court may consider Mr. Montgomery's affidavit, even though it was not included with his original memorandum. *See*, *e.g., United States v. Hill*, No. 09-6023, 2009 WL 1970209 at *2 (10th Cir. July 9, 2009) (unpublished) (noting that "[r]ule 7(c) of the Rules Governing Section 2255 Proceedings requires a court to allow a party to respond to the introduction of additional materials" by admitting or denying their correctness); *United States v. Ndiaye*, 2008 WL 2275569, Nos. 05-40017-02-SAC, 08-4009-SAC (D. Kan. June 3, 2008) (considering the defendant's unsworn declaration, which was submitted in reply to the Government's response and the attached affidavit of the defendant's counsel, and assuming, based on the conflict between the affidavits, that the attorney rendered ineffective assistance).

evidentiary hearing so long as his allegations [of ineffective assistance based on failure to investigate], if true and if not contravened by the existing factual record, would entitle him to habeas relief"). This court therefore grants an evidentiary hearing to resolve the conflict between petitioner's version of the facts and his counsel's affidavit.

### 4. Mr. Ward's Alleged Failure to File an Appeal

Mr. Montgomery maintains that, although he instructed his attorney, Keith Ward, to file an appeal, Mr. Ward failed to do so. Mr. Montgomery submits that Mr. Ward's failure to file an appeal constitutes "per se ineffective assistance of counsel." Dkt. 72 at 6. The Government responds that Mr. Ward did not wrongfully fail to file an appeal on his client's behalf, and points to Mr. Ward's affidavit to support this position.[11] Furthermore, the Government claims that, even if Mr. Ward did fail to file an appeal, Mr. Montgomery was not prejudiced by his attorney's inaction. It notes that the trial court told Mr. Montgomery that he had the right to file an appeal, and explained to him that he could file an appeal in forma pauperis. Therefore, the Government submits, nothing prevented Mr. Montgomery from filing notice of appeal independently.

If, as Mr. Montgomery alleges, Mr. Ward failed to comply with Mr. Montgomery's request to file an appeal, then Mr. Montgomery has been denied effective assistance of counsel and he is entitled to relief. *See United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005) ("If Mr. Garrett actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal.").[12] Thus, it remains for this court to determine whether Mr. Montgomery in fact

---

[11] According to the affidavit, Mr. Ward advised Mr. Montgomery of his right to appeal, but Mr. Montgomery indicated that he did not wish to file an appeal.

[12] *See also Johnson v. Champion*, 288 F.3d 1215, 1229-30 (10th Cir. 2002) ("Where . . . appellate counsel negligently fails to perfect an appeal, counsel's failure necessarily constitutes

15

instructed his attorney to file an appeal on his behalf. Such a determination cannot be made on the basis of the record before the court. Mr. Montgomery has made specific allegations pertaining to the events that followed his conviction; although the Government has introduced an affidavit that contradicts these allegations, Mr. Montgomery's claim of ineffective assistance of counsel cannot be resolved on the strength of Mr. Ward's affidavit alone. *See United States v. Gonzalez*, 98 F. App'x 825, 831-32 (10th Cir. 2004) (rejecting the district court's conclusion that, based on the affidavits before it, the petitioner had presented no credible evidence in support of his ineffective-assistance-of-counsel claim, and determining that the petitioner was entitled to an evidentiary hearing).[13] Full consideration of Mr. Montgomery's claim "must be done with the benefit of a complete record." *Id.* Because this court cannot say that "the files and records of the case conclusively show that the prisoner is entitled to no relief," this court must grant a hearing on the issue of whether Mr. Ward provided ineffective assistance to Mr. Montgomery by failing to file an appeal on his behalf. 28 U.S.C. § 2255(b).

## B. Remaining Grounds for Relief

This court concludes that Mr. Montgomery has either forfeited or failed to provide support for any of the remaining issues presented in the motions before this court. In his initial motion, Mr. Montgomery claimed that "[h]is conviction was secured using evidence that was obtained during an unlawful arrest because he was entrapped as a matter of law." Dkt. 70 at 4. Mr. Montgomery

---

ineffective assistance." (citation omitted)) *quoted in Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991) (stating that a defendant is denied effective assistance if his attorney fails to comply with his request to perfect an appeal).

[13] *See also Daniels v. United States*, 54 F.3d 290, 295 (7th Cir. 1995) (concluding that it was error for the district court to "attempt[ ] to judge the credibility of [the petitioner's] claim based on the affidavits alone"), *cited in United States v. Gonzalez*, 98 F. App'x 825, 832 (10th Cir. 2004).

16

has done little to advance this claim. He has not pointed the court to facts that would support his assertion, nor has he presented specific arguments in support of his position.[14] Accordingly, this court concludes that Mr. Montgomery is not entitled to a hearing on this claim, as he has "fail[ed] to offer either specific arguments . . . or factual support in the record for his contentions." *United States v. Montague*, 260 F. App'x 60, 63 (10th Cir. 2008) (concluding the district court did not err in determining that the petitioner's claims lacked merit where the petitioner merely made general assertions that counts should have been grouped but "provided no explanation as to why"). Furthermore, to the extent that Mr. Montgomery now claims that the Government neglected to turn over certain exculpatory documents, in violation of *Brady v. Maryland*, 373 U.S. 83, that claim must fail, as it was not raised in Mr. Montgomery's original § 2255 motion. Mr. Montgomery sought to raise the *Brady* issue more than twenty-one months after the judgment and sentence was filed in the underlying criminal case.[15] That claim is therefore barred by the statute of limitations. *See United States v. Espinoza-Saenz*, 235 F.3d 591 (10th Cir. 2000) (discussing the one year statute of limitations applicable in § 2255 cases).

---

[14] In a later filing, Mr. Montgomery asserts that his statement that he was "'entrapped as a matter of law' is . . . an example of counsel's ineffective representation because of counsel's failure to preserve the issue for appeal." Dkt. 85 at 1-2. This argument is both underdeveloped and outside the scope of Mr. Montgomery's original complaint. *See Craycraft*, 167 F.3d at 457 (concluding that the defendant's claim that his counsel improperly failed to file an appeal was time-barred because his "original complaint alleged deficiencies of representation distinctly separate from the deficiency alleged in his amendments").

[15] *See supra* n.2 and accompanying text.

**C. Appointment of Counsel**

Because an evidentiary hearing is warranted, this court must, under Rule 8(c), *Rules Governing Section 2255 Cases*, appoint counsel to represent Mr. Montgomery if Mr. Montgomery qualifies for appointment under 18 U.S.C. § 3006A. This court finds, based on Mr. Montgomery's application to proceed in forma pauperis and the documents supporting that motion, Dkt. 77, that Mr. Montgomery is financially unable to obtain adequate representation. Therefore, the court finds that the Federal Public Defender's Office should be appointed to represent Mr. Montgomery in this matter.

**D. Remaining Motions**

Mr. Montgomery has made a number of evidentiary motions in this case, including motions for production and motions for discovery. *See* Dkts. 78, 79, 87, 88, 89, 90. This court has ordered that counsel be appointed in this case. As counsel is necessary to conduct effective discovery, this court **DISMISSES** Mr. Montgomery's evidentiary motions, **Dkts. 78, 79, 87, 88, 89, 90**, as **MOOT**. The Federal Public Defender's Office may, as Mr. Montgomery's representative, file motions for production, propose interrogatories and requests for admission, and conduct any other discovery that may be necessary to fully represent Mr. Montgomery in this matter

Mr. Montgomery has also filed a motion for sanctions, claiming that he never received a copy of the Government's supplemental response, Dkt. 75, which contained Mr. Ward's affidavit. Mr. Montgomery has not, however, demonstrated that the Government's supplemental response was "presented for an improper purpose," that the legal contentions in the supplemental response were unwarranted, that the factual contentions set forth in the supplemental response lacked evidentiary support, or that the denials contained in the supplemental response were unwarranted. *See* Fed. R.

18

Civ. P. 11(b) (discussing representations made to the court upon filing of a motion). Furthermore, the record suggests that Mr. Montgomery was aware of Mr. Ward's affidavit, and its contents, by April 16, 2009. *See* Dkt. 79 (discussing the evidentiary weight of Mr. Ward's affidavit). For these reasons, Mr. Montgomery's motion for sanctions, Dkt. 91, is denied.

### E. Reference to a Magistrate Judge

Pursuant to Rule 8(c), *Rules Governing Section 2255 Cases*, this court refers this matter for hearing to United States Magistrate Judge T. Lane Wilson. The Magistrate Judge shall hear and determine any future motions for production, motions for discovery, and any other such motions that may be made before the evidentiary hearing is held. The Magistrate Judge shall also conduct the evidentiary hearings granted in this order, and file proposed findings of fact and recommendations for the disposition of this case.

**ACCORDINGLY IT IS HEREBY ORDERED that:**

1. Petitioner is entitled to an evidentiary hearing on his claim that his counsel provided ineffective assistance by failing to obtain and present evidence during trial, failing to call certain witnesses at sentencing, and failing to file an appeal. This court **GRANTS** Petitioner's motions for an evidentiary hearing with respect to those issues.

2. To the extent that Petitioner seeks relief under 18 U.S.C. § 2255 on other grounds, his motion is **DENIED**.

3. The Court appoints the Federal Public Defender's Office to represent Defendant in this matter.

4. Mr. Montgomery's evidentiary motions are **DISMISSED AS MOOT**.

5. Mr. Montgomery's motion for sanctions is **DENIED.**

6. This court directs the clerk to refer this matter to United States Magistrate Judge T. Lane Wilson for the purpose of conducting an evidentiary hearing. Once an attorney has entered an appearance on behalf of Petitioner and prior to the evidentiary hearing, the Magistrate Judge will conduct a Status Conference to discuss with counsel for the parties the anticipated length of the evidentiary hearing, whether Petitioner's trial counsel will be available to testify, whether the prosecuting attorney will be available to testify, the number of witnesses reasonably anticipated to be called, and possible dates for the evidentiary hearing.

DATED THIS 12th day of April, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma